FILED

NOT FOR PUBLICATION

OCT 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| **BIN CHEN,** | No. 12-71367 |
| Petitioner, | Agency No. A087-807-593 |
| v. | |
| **LORETTA E. LYNCH, Attorney General,** | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2015[**]
Pasadena, California

Before:     **KOZINSKI**, **IKUTA** and **OWENS**, Circuit Judges.

The Board of Immigration Appeals (BIA) correctly affirmed the immigration judge's adverse credibility determination. The BIA provided four justifications for its decision. First, the BIA concluded that the immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judge's finding that Chen provided inconsistent answers when asked about how his wife procured a document from the family-planning office was not clearly erroneous. That finding was supported by the record. Chen originally said that his wife sent the village cadre to retrieve the document. But, when pressed by the immigration judge, Chen said that his wife went with the cadre. In addition to conflicting with his prior testimony, Chen's statement that his wife voluntarily went to the family-planning office is difficult to square with his claim that his family was hiding from the family-planning officials.

Second, the BIA held that the immigration judge didn't clearly err in finding that Chen gave conflicting answers when asked whether he was consistently in hiding from 2003 to 2008. This finding was also supported by the record. Chen first stated that he was in hiding constantly between 2003 and 2008, but later said that he sometimes went home during that period.

Third, Chen suggested that his children attended school while the family was in hiding. The BIA correctly affirmed the immigration judge's finding that this account was both improbable and inconsistent with a letter from Chen's wife.

Fourth, Chen failed to mention in his application for asylum that he had been in hiding from 2003 to 2008. The BIA was right to note that this omission undermines Chen's credibility, especially in light of his wife's claim that this

episode of hiding was the reason that Chen left China.

The adverse credibility determination was supported by substantial evidence. Given the absence of credible testimony, Chen cannot satisfy his burden of proving that he is eligible for asylum or withholding of removal. Kin v. Holder, 595 F.3d 1050, 1058 (9th Cir. 2010). Chen's claim under the CAT is based on the same testimony that the agency found not credible. Chen doesn't argue that any other objective evidence establishes that he will be tortured if he is removed to China. Thus, the BIA's rejection of Chen's claim under the CAT was supported by substantial evidence. See Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010).

**PETITION DENIED.**